IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HUA CAI,<br><br>      Plaintiff,<br><br>v.<br><br>HUNTSMAN CORPORATION,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:18-CV-968 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff signed an employment contract with Huntsman Chemical Trading (Shanghai) Limited, a subsidiary of Defendant Huntsman Corporation. As part of that contract, Plaintiff agreed to "fully comply with the policies, procedures, <Employee Handbook> and other rules and regulation of Company."[1] Plaintiff alleges that this provision incorporated Defendant Huntsman Corporation's Business Conduct Guidelines. Among other things, those Guidelines state that Defendant Huntsman is committed to providing a respectful workplace. The Guidelines also provide a number of different ways employees can report concerns and request assistance.

---

[1] Docket No. 12 Ex. 4, at § 3.4.

Plaintiff alleges that he was subjected to "evildoing" by his supervisor and was ultimately terminated.[2] Plaintiff alleges that he complained of this to Defendant Huntsman's Ethics and Corporate Compliance Department ("ECCD"), but that it took "no action to correct Huntsman Shanghai's evildoing."[3] Plaintiff contends that this inaction was a breach of the Business Conduct Guidelines.

## II. STANDARD OF REVIEW

Defendant seeks judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[4]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

---

[2] Docket No. 3 ¶ 9.

[3] *Id.* ¶ 19.

[4] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[11] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13]

## III. DISCUSSION

Plaintiff brings a single cause of action for breach of contract. "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[14] Here, Plaintiff has

---

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[11] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[12] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[13] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[14] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 391 (Utah 2001).

failed to establish the existence of a contract and, even if he had, has not demonstrated a breach by Defendant.

> Generally, formation of a contract requires an offer, an acceptance, and consideration. An offer is a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it. For an offer to be one that would create a valid and binding contract, its terms must be definite and unambiguous. The obligations of the parties must be set forth with sufficient definiteness that [the contract] can be performed. The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.[15]

Here, the terms of the Business Conduct Guidelines are far from "definite and unambiguous." Rather, the Guidelines speak in aspirational tones about the values of the company and the type of workplace they seek to establish. The Guidelines do not contain those types of things normally contained in an employment contract, such as duration of employment, the work to be done, and the price to be paid.[16] Additionally, the Guidelines do not provide the basis for determining the existence of a breach or for giving the appropriate remedy. As such, they do not constitute a binding contract.

Even assuming the Business Conduct Guidelines did constitute a contract between Plaintiff and Defendant, Plaintiff has failed to show that Defendant breached those Guidelines. Plaintiff complains that Defendant took no action to correct those things he complained of. However, nothing in the Guidelines requires Defendant to take any action. The Guidelines

---

[15] *Cea v. Hoffman*, 276 P.3d 1178, 1185 (Utah Ct. App. 2012) (alteration in original) (internal quotation marks and citations omitted).

[16] *See* 1 Williston on Contracts § 4.21, at 644 (4th ed.) (discussing the definiteness of offers and noting that "[a] lack of definiteness in an agreement may concern the time of performance, the price to be paid, work to be done, property to be transferred, or miscellaneous stipulations to the agreement").

provide that employees can report concerns and request assistance and that information "will be relayed to Huntsman for investigation."[17]  Nothing in this provision requires Defendant to take a particular action in response a report or request.  At most, it would require Defendant to investigate the claim.  Plaintiff alleges that the EECD did not investigate, but this is a conclusory allegation devoid of any factual support.  Therefore, even if the Guidelines constituted a binding contract, Plaintiff has failed to establish a breach by Defendant.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

DATED this 17th day of June, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[17] Docket No. 13 Ex. 3, at 8.

5